IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **RHONDA H.**, <br><br> Plaintiff, <br><br> v. <br><br> **COMMISSIONER OF SOCIAL SECURITY,** <br><br> Defendant. | **Case No. 2:21-cv-5888** <br><br> **Judge Graham** <br><br> **Magistrate Judge Jolson** |

**OPINION AND ORDER**

Plaintiff Rhonda H. brings this action under 42 U.S.C. § 405(g) for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits ("DIB") and supplemental security income ("SSI"). This matter is before the Court for consideration of Plaintiff's December 14, 2022 objections to the November 30, 2022 report and recommendation ("R&R") of the Magistrate Judge, recommending that the Court affirm the Commissioner's determination and dismiss the matter. For the reasons stated below, the Court overrules Plaintiff's objections and adopts the Magistrate Judge's R&R.

**I.    Background**

Plaintiff protectively filed her applications for DIB and SSI on December 28, 2018, alleging that she was disabled beginning December 19, 2018 due to severe COPD, emphysema, and depression. Tr. 189-201, 213. Her application was denied initially and on reconsideration. Tr. 35-56, 12-34. The Appeals Counsel denied Plaintiff's request for review, making the ALJ's decision final for purposes of judicial review. Tr. 1-6.

Plaintiff filed the instant case appealing the Commissioner's decision on December 22, 2021. Doc. 1. The Magistrate Judge issued a R&R recommending that the Court affirm the

1

Commissioner's decision. Doc. 13. Plaintiff timely filed objections to the R&R on December 14, 2022. Doc. 14.

## II. Standard of Review

If a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Even if supported by substantial evidence, however, "'a decision of the Commissioner will not be upheld where the [Commissioner] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

## III. Plaintiff's Objections

Plaintiff objects to two findings of the Magistrate Judge: (A) that the ALJ properly evaluated CNP Bryson Stair's opinion and (B) that the ALJ properly found Plaintiff's residual functional capacity ("RFC") to be light work instead of sedentary work.

### A. Medical Opinion of CNP Stair

Plaintiff asserts that the ALJ failed to articulate the supportability of CNP Stair's medical opinion as required by 20 C.F.R. § 404.1520c(b)(2).

ALJs consider specific categories of evidence, including medical opinions, when making disability determinations. *See* 20 C.F.R §§ 404.1513(a)(2), 416.913(a)(2). The evidentiary weight of medical opinions is determined by considering five factors: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization and (5) other factors. 20 C.F.R. § 404.1520c(c)(1)-(5).

Supportability and consistency are the most important factors and are generally the only ones on which ALJs are required to articulate. 20 C.F.R. § 404.1520c(b)(2). Under the supportability factor, "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(1). "In other words, the supportability analysis focuses on the physicians' explanations of the opinion." *Hague v. Comm'r of Soc. Sec.*, No. 20-13084, 2022 WL 965027, at *2 (E.D. Mich. Mar. 30, 2022) (cleaned up). As for the consistency factor: "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(2).

With respect to CNP Stair's opinion, The ALJ explained:

> A Pulmonary Residual Functional Capacity Questionnaire was completed on August 18, 2020. The signature on this form is illegible. However, this provider opined that [Plaintiff] should avoid concentrated exposure to extreme cold, extreme heat, high humidity and perfumes. She was to avoid all exposure to fumes, odors,

3

> dusts, gases, cigarette smoke, soldering fluxes, solvents/cleaners, and chemicals. Her impairments were likely to produce "good days" and "bad days." This provider was not able to state how often she would be absent from work, as this depended on her exacerbations. The undersigned finds the assessed limitations for exposure to odors, cold, heat, and humidity to be persuasive, as they are consistent with her subjective reports at hearing and with evidence of COPD. Nonetheless, limitation to avoiding all exposure to fumes, odors, dusts, gases, cigarette smoke, soldering fluxes, solvents/cleaners, and chemicals is not consistent with evidence that [Plaintiff] continued smoking despite her COPD.
>
> Moreover, her more recent treatment records show improvement in symptoms since initiating treatment. Thus, she does not need to eliminate all exposure to these pulmonary irritants (Exhibit 16F).

Tr. 26-27.

The ALJ adequately discussed the supportability of CNP Stair's opinion. His recitation of CNP Stair's opinion reveals that it is vague and unsupported. For example, CNP Stair cited no support for his finding that Plaintiff would have good and bad days or that she would have to be absent from work. Tr. 806. Instead, he vaguely explained that it "depends on exacerbations." *Id.* Moreover, some of CNP Stair's opinion is internally inconsistent and, therefore, plainly not supported. As the ALJ noted, "limitation to avoiding all exposure to fumes, odors, dusts, gases, cigarette smoke, soldering fluxes, solvents/cleaners, and chemicals is not consistent with evidence that [Plaintiff] continued smoking despite her COPD." Tr. at 26.

### B. RFC Determination

Plaintiff objects to the ALJ's RFC determination. An RFC is "the most a [plaintiff] can do despite the physical and mental limitations resulting from her impairments." *Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 151 (6th Cir. 2009). Light work requires standing or walking, on and off, for approximately 6 hours of an 8-hour workday whereas sedentary work requires no more than 2 hours. SSR 83-10.

4

Plaintiff asserts that the ALJ erred by finding her capable of light work. She argues that the ALJ's findings as to her abilities – that she can stand for no more than four hours and must be permitted to sit as needed – calls for an RFC of sedentary work. The importance of this distinction is that Plaintiff contends an RFC of sedentary work would result in her being considered disabled.

Plaintiff is mistaken. Having limitations which places a person between light work and sedentary work does not mandate an RFC of sedentary work. Rather:

> Where a claimant's RFC is in between two exertional levels, such as the case here where the ALJ found that [the claimant] could perform a limited range of light work, the grid guidelines, which reflect only common – and not all – patterns of vocational factors, are not binding and are instead used only as an analytical framework. 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 200.00(d). In such a situation, a [vocational expert] is brought in to testify as to whether a significant number of jobs exist in the national economy that a hypothetical individual with the claimant's limitations can perform. See SSR 83-12.

*Anderson v. Comm'r of Soc. Sec.*, 406 F. App'x 32, 35 (6th Cir. 2010). The ALJ determined Plaintiff has an RFC of light work with limitations and, consistent with SSR 83-12, had a vocational expert testify as to the number of jobs in the national economy that a hypothetical individual with Plaintiff's limitations can perform. Doing so was proper. *See, e.g., Mathis-Caldwell v. Comm'r of Soc. Sec.*, No. 1:15-CV-532, 2016 WL 2731021, at *5 (W.D. Mich. May 11, 2016) (finding that an RFC of light work with limitations is consistent with the Social Security regulations where the claimant could only be on her feet for four hours a day).

### IV. Conclusion

For the reasons stated above, the Court overrules Plaintiff's objections, Doc. 14, adopts and affirms the Magistrate Judge's report and recommendation, Doc. 13, and dismisses this matter. The clerk is directed to enter final judgment.

5

**IT IS SO ORDERED.**

s/ James L. Graham
JAMES L. GRAHAM
United States District Judge

DATE: December 29, 2022